KAVANAUGH, Circuit Judge,
dissenting:
I respectfully dissent. This case arises out of a messy commercial dispute between a Belize company and the Government of Belize. A London arbitration panel ruled in favor of the Belize company. The company then sued in U.S. District Court to enforce the arbitration award. Because of ongoing judicial proceedings in Belize related to this matter, the Government of Belize asked for a temporary stay, which was uncontested by the company. The District Court then entered a temporary stay — understandably, since the stay is only temporary and the company did not oppose it.
The company has now appealed and, in the alternative, sought mandamus to overturn the temporary stay. But we do not have appellate jurisdiction. As the majority opinion appears to acknowledge, there is no final order because the company was not placed “effectively out of court,” nor does this case fit within the narrow confines of the collateral order doctrine. See Moses H. Cone Mem’l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 10 n. 11, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (“most stays do not put the plaintiff ‘effectively out of court’ ”; stays are final orders when “the object of the stay is to require all or an essential part of the federal suit to be litigated in a state forum”); id. at 12, 103 S.Ct. 927 (stay order falls within collateral order doctrine when it “amounts to a refusal to adjudicate the merits”).
Although the majority opinion does not assert that we have appellate jurisdiction under the principles governing appeals of final or collateral orders, it invokes mandamus jurisdiction. But mandamus is an “extraordinary” remedy reserved for correcting egregious missteps by a district court, not for upending temporary stay orders — and particularly not temporary stay orders like the one here, which was issued in response to an uncontested temporary stay motion. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (writ of mandamus “is a drastic and extraordinary remedy reserved for really extraordinary causes”) (internal quotation marks omitted); id. (“the writ is one of the most potent weapons in the judicial arsenal”) (internal quotation marks omitted); id. (“only exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify the invocation of this extraordinary remedy”) (citations and internal quotation marks omitted).
Even if we think the District Court erred under the Federal Arbitration Act by entering a temporary stay, its error was hardly “extraordinary.” Mandamus for this case is akin to using a chainsaw to carve your holiday turkey. Indeed, if you ask me which is the more extraordinary— the District Court’s temporary stay or this Court’s invocation of mandamus jurisdiction under these circumstances — I would say the latter.
I would dismiss the appeal for lack of appellate jurisdiction and deny the petition for a writ of mandamus. I respectfully dissent.